**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 07 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIP HOP BEVERAGE CORPORATION, a Nevada corporation,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>MONSTER ENERGY COMPANY, a Delaware corporation and DOES, 1 through 10,<br><br>        Defendants- Appellees. | No. 16-56757<br><br>D.C. No. 2:16-cv-01421-SVW-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted on April 9, 2018
Pasadena, California

Before: BOGGS,[**] BYBEE, and WATFORD, Circuit Judges.

**1.** Hip Hop Beverage Corp. (HHBC) brought suit against Monster Energy

Co. (Monster) alleging violations of the Sherman Act, the Clayton Act, and related

---

      [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

state laws. The district court dismissed HHBC's amended complaint for failure to state a claim.

**2.** HHBC's amended complaint failed to adequately plead injury to competition, as is required to state a claim for a violation of the Sherman Act or the Clayton Act. While HHBC's amended complaint pleaded some injury to itself, it fell short of pleading injury to competition generally. *See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989). Mere injury to HHBC's position as a market competitor is not sufficient. *Ibid.* And in a case alleging an exclusive-dealing arrangement, HHBC needed to plead that the arrangement "foreclose[d] competition in a substantial share of the line of commerce affected." *Omega Envtl., Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1162 (9th Cir. 1997) (quoting *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 327 (1961)). "If competitors can reach the ultimate consumers . . . by employing . . . alternative channels of distribution, it is unclear whether such restrictions foreclose from competition *any* part of the relevant market." *Omega*, 127 F.3d at 1163. Here, HHBC alleged that (at most) four brokers refused to do business with HHBC due to Monster's conduct. But HHBC did not allege how many total brokers were in the market in order to establish that Monster foreclosed competition. Moreover, HHBC conceded that HHBC remained in the market without the assistance of

Page 3 of 4

brokers. HHBC's conclusory assertion that consumer prices had been driven upward was insufficient because HHBC did not allege any specific pricing data or explain how the market price supposedly increased.

    **3.** HHBC's amended complaint also failed to adequately plead Monster's market power, as is required to state a claim for a violation of the Sherman Act or Clayton Act. *See Rick-Mik Enters., Inc., v. Equilon Enters. LLC*, 532 F.3d 963, 972 (9th Cir. 2008). A firm has market power when, "by restricting its own output, it can restrict marketwide output and, hence, increase marketwide prices." *Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 51 F.3d 1421, 1434 (9th Cir. 1995). To allege market power circumstantially, the plaintiff must: "(1) define the relevant market, (2) show that the defendant owns a dominant share of that market, and (3) show that there are significant barriers to entry and show that existing competitors lack the capacity to increase their output in the short run." *Ibid.* While HHBC's amended complaint properly defined the relevant market, it did not sufficiently allege that Monster had a dominant share of that market or that existing competitors lacked the capacity to increase their output to offset Monster's conduct. The amended complaint merely stated that Monster controlled a "major percent" of the energy-drink market and did not allege that other "entrenched" competitors such as Red Bull and Rockstar were unable to increase their output to

offset Monster's alleged conduct. Because the amended complaint failed to adequately plead injury to competition or market power, it failed to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**4.** We also affirm the dismissal of HHBC's related state-law claims, including interference with contractual relations, because they are derivative of the Sherman Act and Clayton Act claims.

**5.** The district court did not abuse its discretion in dismissing the amended complaint with prejudice. Where the amended complaint fails to cure the pleading deficiencies explained in the district court's original order, "[t]he district court could reasonably conclude that further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Here, the district court outlined the original complaint's pleading deficiencies but HHBC's amended complaint failed to cure, or even meaningfully address, the defects noted.

**AFFIRMED.**